UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | | |
|---|---|---|
| RALPH NUNZIATA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 2:16-cv-00158-JAW |
| | ) | |
| JANUS FUNDS, INC. and | ) | |
| UNITED STATES OF AMERICA, | ) | |
| Through its Agency Thrift Savings | ) | |
| Plan, | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER ON STATUS CONFERENCE**

On March 10, 2016, Ralph Nunziata filed a complaint for declaratory judgment in this Court against Janus Funds, Inc. and Thrift Savings Plan, an agency of the United States. *Compl.* (ECF No. 1). The Complaint alleges that Ralph Nunziata is the rightful beneficiary of retirement accounts originally owned by Robert Nunziata, who is now deceased. *Id.*

On May 4, 2016, Janus Funds, Inc. filed an answer and also filed an interpleader counterclaim, asserting that Robert Nunziata's retirement file with Janus listed Robert Nunziata's ex-wife, Dolores Nunziata-Lagamon, as the beneficiary of his retirement account and expressing concern that it not be subject to double liability. *Def.'s Ans. and Interpleader Countercl.* (ECF No. 4).

On July 1, 2016, Thrift Savings Plan moved to dismiss Mr. Nunziata's Complaint. *United States of Am.'s Mot. to Dismiss* (ECF No. 11). The basis of the

United States' motion is that Robert Nunziata had prepared and filed a Thrift Savings Plan (TSP) designation of beneficiary form that listed Dolores Nunziata-Lagamon as the designated beneficiary on his TSP account and under 5 U.S.C. § 8424(d), the benefits in the account must be paid to the designated beneficiary. *Id.* at 2.

Ralph Nunziata initially balked at the United States' motion to dismiss and filed his opposition to the motion to dismiss on July 22, 2016. *Obj. to United States of Am.'s Mot. to Dismiss* (ECF No. 14). On August 5, 2016, the United States filed a reply to Mr. Nunziata's opposition. *United States' Reply in Support of Mot. to Dismiss* (ECF No. 17). On August 8, 2016, Mr. Nunziata changed his mind and filed a motion to withdraw his opposition to the United States' motion to dismiss. *Withdrawal of Pl.'s Obj. to United States of Am.'s Mot. to Dismiss* (ECF No. 18).

With respect to Janus Funds, Inc.'s interpleader counterclaim, Ralph Nunziata filed a motion for entry of an agreed order on August 11, 2016, to allow Janus to deposit the money in this Court pursuant to Federal Rule of Civil Procedure 67. *Mot. for Entry of an Agreed Order to Deposit Money with the Ct.* (ECF No. 20).

The Court scheduled a telephone conference of counsel to clarify the status of the case, specifically the United States' motion to dismiss, Janus Funds, Inc.'s interpleader counterclaim, and the pending agreed upon motion by Janus to deposit the contested funds with the Clerk of Court. Upon clarification of counsel and without objection, the Court GRANTS the United States' motion to dismiss (ECF No. 11).

This leaves Mr. Nunziata's claim against Janus Funds, Inc. and Janus Fund's interpleader action related to the Janus retirement account.[1]  To frame the remaining claim, including the interpleader action properly, Mr. Nunziata has agreed to implead Dolores Nunziata-Lagamon, the other potential claimant to the Janus Funds proceeds, in the pending claim.  Once Ms. Nunziata-Lagamon is impleaded in Mr. Nunziata's direct action, Janus may wish to close the circle by interpleading Ms. Nunziata-Lagamon to respond to the interpleader concern that the Court raised in its August 18, 2016 Order.  In the interim while Ms. Nunziata-Lagamon is being brought into the case as a party, the Court agrees that Janus has the right to deposit the funds with the Court, and it is separately granting its Motion for Entry of an Agreed Order to Deposit Money with the Court (ECF No. 20).

SO ORDERED.

/s/ John A. Woodcock, Jr.
JOHN A. WOODCOCK, JR.
UNITED STATES DISTRICT JUDGE

Dated this 30th day of August, 2016

---

[1]  As became apparent during the telephone conference, Plaintiff's counsel was under the impression that the Complaint contained two counts, one against the Thrift Savings Plan and another against Janus Funds.  The actual Complaint contains only one count lumping together the Thrift Savings Plan and the Janus Funds, which helps explain the Court's confusion about whether the claims against the Thrift Savings Plan and the Janus Funds were interrelated.  As it turns out, the claims, though somewhat similar, are entirely separate.  With the claim against Thrift Savings dismissed, this leaves Mr. Nunziata's claim against Janus as the sole pending matter before the Court as well as Janus' interpleader action related to its account.